UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:08-CR-163 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CHRISTOPHER SANGALANG, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Christopher Sangalang's abridged motion to vacate, amend, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 703).

Also before the court is petitioner's motion to vacate, amend, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 717). The government filed a response (ECF No. 723), to which petitioner replied (ECF No. 725).

Also before the court is petitioner's motion to file supplemental authority. (ECF No. 728).

Also before the court is the government's motion to file supplemental authority. (ECF No. 729).

**I.   Facts**

On April 2, 2010, a jury found petitioner guilty of one count of conspiracy to interfere with commerce by robbery ("conspiracy to commit Hobbs Act robbery"), one count of conspiracy to possess with intent to distribute cocaine, and one count of use of a firearm during and in relation to a crime of violence or a drug trafficking crime under 18 U.S.C. § 924(c). (ECF No. 486).

On January 14, 2011, the court sentenced petitioner to 119 months imprisonment for the conspiracy to commit Hobbs Act robbery and the conspiracy to possess with intent to distribute cocaine convictions, to run concurrent. (ECF No. 576). The court sentenced petitioner to 60

months imprisonment for the § 924(c) conviction, which by law had to run consecutively to the other convictions. *Id.* Therefore, petitioner received a combined sentence of 179 months imprisonment.

Petitioner timely appealed his conviction and sentence. On June 26, 2014, the Ninth Circuit affirmed. (ECF No. 663).

On June 26, 2015, in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process. On April 27, 2016, the United States District Court for the District of Nevada appointed the Federal Public Defender to represent defendants, including petitioner, on the United States Sentencing Commission's list of persons who may be eligible for relief as a result of *Johnson*. On June 24, 2016, petitioner filed an abridged motion to vacate. (ECF No. 703). On December 20, 2016, petitioner filed his complete motion to vacate, seeking habeas relief under *Johnson*. (ECF No. 717).

**II. Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**III. Discussion**

*a. Whether petitioner is eligible to seek relief under Johnson*

On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257,

**James C. Mahan**
**U.S. District Judge**

1267 (2016). Petitioner filed his abridged motion to vacate on June 24, 2016, within one year of the court's decision in *Johnson*. Therefore, petitioner is eligible to apply for habeas relief pursuant to the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f) ("a 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").

The government cites Federal Rule of Criminal Procedure 12 to argue that petitioner waived the claim raised in his § 2255 motion by not bringing the claim in a pre-trial motion. (ECF No. 723). The government argues in the alternative that petitioner "procedurally defaulted on his claim . . . by not raising it in this Court or on direct appeal." *Id.* The government therefore contends that petitioner needs to show cause and actual prejudice. *Id.*

Multiple other courts in this district have rejected the government's procedural bar arguments in habeas cases post-*Johnson*. *See United States v. Ebron*, no. 2:12-cr-00072-APG-CWH-2, 2017 WL 3337260, at *2 (D. Nev. Aug. 3, 2017); *United States v. Hunter*, 2:12-cr-00132-JAD-CWH-1, 2017 WL 3159985, at *2 (D. Nev. July 25, 2017); *United States v. Avery*, 3:02-cr-00113-LRH-VPC, 2017 WL 29667, at *5 (D. Nev. Jan. 3, 2017). The court holds that petitioner is not procedurally barred from bringing his claims. *See Ebron*, 2017 WL 3337260, at *2; *Hunter*, 2017 WL 3159985, at *2.

> b. *Whether petitioner's § 924(c) conviction violates the Constitution's guarantee of due process*

Petitioner argues that the predicate offense underlying his § 924(c) conviction is his conviction for conspiracy to commit Hobbs Act robbery. (ECF No. 717). Petitioner asserts that conspiracy to commit Hobbs Act robbery cannot qualify as a predicate "crime of violence" for purposes of a § 924(c) conviction post-*Johnson*. *Id.*

The government does not substantively respond to petitioner's contention that the predicate offense in this case underlying petitioner's § 924(c)(3) conviction was conspiracy to commit Hobbs Act robbery. *See generally* (ECF No. 723) (containing a single reference to the whether conspiracy to commit Hobbs Act robbery was the predicate offense: "(3) that the conspiracy to

commit Hobbs Act robbery which may have served as a predicate for his § 924(c) conviction does not qualify as a 'crime of violence'"). Therefore, the government has waived its right to assert that conspiracy to commit Hobbs Act robbery was not the predicate offense underlying petitioner's § 924(c) conviction. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that failure to address an argument in a responsive filing constituted waiver).

### i. *Whether conspiracy to commit Hobbs Act robbery qualifies as a predicate crime of violence under § 924(c)(3)*

Petitioner maintains that his § 924(c) conviction relies on the statute's residual clause, which is unconstitutional in light of *Johnson* and the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). (ECF No. 717). The government responds that the holdings in *Johnson* and *Dimaya v. Lynch* are inapplicable to the case at bar, which arises out of a conviction pursuant to § 924(c). (ECF No. 723).

### A. *Whether § 924(c)'s residual clause is unconstitutional in light of* Johnson *and* Dimaya

In *Johnson*, the Supreme Court considered whether the ACCA violates due process. *See generally* 135 S.Ct. at 2555. Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008). The inclusion is commonly referred to as the ACCA's "residual clause."

The Court in *Johnson* highlighted two concerns regarding the ACCA's residual clause. First, the "ordinary case" inquiry mandated by the ACCA's statutory text created "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 2557. Second, the residual clause left unclear what level of risk amounted to a "violent felony." *Id.* at 2561. The court held the residual clause within the ACCA was void for vagueness, as "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

On April 17, 2018, the Court extended the holding in *Johnson* beyond the ACCA. *See Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) ("*Dimaya*"). In *Dimaya*, the Court considered whether

James C. Mahan
U.S. District Judge

- 4 -

commit Hobbs Act robbery which may have served as a predicate for his § 924(c) conviction does not qualify as a 'crime of violence'"). Therefore, the government has waived its right to assert that conspiracy to commit Hobbs Act robbery was not the predicate offense underlying petitioner's § 924(c) conviction. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that failure to address an argument in a responsive filing constituted waiver).

### i. *Whether conspiracy to commit Hobbs Act robbery qualifies as a predicate crime of violence under § 924(c)(3)*

Petitioner maintains that his § 924(c) conviction relies on the statute's residual clause, which is unconstitutional in light of *Johnson* and the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). (ECF No. 717). The government responds that the holdings in *Johnson* and *Dimaya v. Lynch* are inapplicable to the case at bar, which arises out of a conviction pursuant to § 924(c). (ECF No. 723).

### A. *Whether § 924(c)'s residual clause is unconstitutional in light of* Johnson *and* Dimaya

In *Johnson*, the Supreme Court considered whether the ACCA violates due process. *See generally* 135 S.Ct. at 2555. Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008). The inclusion is commonly referred to as the ACCA's "residual clause."

The Court in *Johnson* highlighted two concerns regarding the ACCA's residual clause. First, the "ordinary case" inquiry mandated by the ACCA's statutory text created "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 2557. Second, the residual clause left unclear what level of risk amounted to a "violent felony." *Id.* at 2561. The court held the residual clause within the ACCA was void for vagueness, as "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

On April 17, 2018, the Court extended the holding in *Johnson* beyond the ACCA. *See Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) ("*Dimaya*"). In *Dimaya*, the Court considered whether

the Immigration and Naturalization Act's ("INA") residual clause violated due process. *See generally id.*

The INA "renders deportable any alien convicted of an 'aggravated felony' after entering the United States.'" *Id.* at 1210. Numerous types of offenses can qualify as an aggravated felony under the INA, which often cross-references federal criminal statutes for definitions. *Id.* at 1211. One such cross-reference is to 18 U.SC. § 16 and "crime[s] of violence." *Id.* Section 16 defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The former clause is often referred to as the elements clause, and the latter clause is often referred to as the residual clause.

The Court in *Dimaya* reiterated *Johnson's* two concerns regarding the ACCA's residual clause, noting that they applied equally to § 16. *Id.* at 1216 ("In sum, § 16(b) has the same 'two features' that 'conspired to make ACCA's residual clause unconstitutionally vague.'") (alterations omitted). "§ 16(b) produces . . . 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Id.*

Here, the statutory language of § 924(c)(3) mirrors the language of 18 U.S.C. § 16, with the lone exception of an additional comma in § 16. Therefore, the Supreme Court's holding in *Dimaya* that § 16's residual clause is void for vagueness renders § 924(c)'s residual clause void for vagueness. Accordingly, petitioner's conviction cannot rest on the residual clause of § 924(c).

The government's arguments in this case largely track the government's arguments made to the Supreme Court in *Dimaya*.[1] Here, the government's first contention is that § 924(c) does not contain the same list of enumerated crimes as the ACCA's residual clause. (ECF No. 723 at 7). The Court in *Dimaya* noted that although the "confusing list of exemplar crimes" in the ACCA did not aid in interpreting the statutory language, the residual clause's constitutionality did not turn

---

[1] The government filed its response brief in this matter before the court issued its decision in *Dimaya*.

James C. Mahan
U.S. District Judge

- 5 -

on the existence of the enumerated offenses in the text. *See* 138 S.Ct. at 1221 ("To say that the ACCA's listed crimes failed to resolve the residual clause's vagueness is hardly to say that they caused the problem. Had they done so, *Johnson* would not have needed to strike down the clause [in its entirety]."). Rather, the Court in *Johnson* held that the vagueness inherent in the ACCA's residual clause stemmed from "the ordinary case requirement and a fuzzy risk standard." *See id.* These ill-defined inquiries form the foundation of § 924(c)(3)'s residual clause just as they formed the foundation of the ACCA and the INA's residual clauses.

Next, the government argues that holding the residual clause in § 924(c) to be unconstitutional would "call into doubt the constitutionality of many other statutes."[2] (ECF No. 723 at 5). The Court in *Dimaya* was not swayed by this foreboding argument. *See id.* at 1214 ("The Court [in *Johnson*] emphasized that [the uncertainty as to the threshold level of risk] feature [of the ACCA] alone would not have violated the void-for-vagueness doctrine. Many perfectly constitutional statutes use imprecise terms like 'serious potential risk' (as in ACCA's residual clause) or 'substantial risk' (as in § 16's). The problem came from layering such a standard on top of the requisite "ordinary case" inquiry.").

Another argument the government espouses is that "[§] 924(c)(3)(B) does not go beyond the elements of the offense to consider potential extra-offense conduct." (ECF No. 723 at 8). The dissent in *Dimaya* articulated this same theory in support of upholding the INA's residual clause in the face of a constitutional challenge. *See id.* at 1236-40 (Roberts, C.J., dissenting). However, the Court in *Dimaya* referred to this argument, among others, as a "distinction without a difference." *Id.* at 1218. In the majority's view, the ACCA's residual clause and § 16(b)'s residual clause asked courts to make the same inquiry into the riskiness of a crime. *See id* at 1220 ("The upshot is that the phrase 'in the course of' makes no difference as to either outcome or clarity.").

The government argues that the Supreme Court has not had similar difficulty in construing § 924(c)(3)(B) as it had construing the ACCA's residual clause. (ECF No. 723 at 9). Faced with a similar argument in *Dimaya*, the Court explain why the ACCA had resulted in a plethora of

---

[2] The government styles its argument as an explanation of the Court's holding in *Johnson*. *See* (ECF No. 723 at 5-6).

**James C. Mahan**
**U.S. District Judge**

- 6 -

conflicting caselaw while § 16(b) had not ostensibly caused the Court "comparable difficulties." *See id.* at 1223 (noting that the Court had received a number of petitions for certiorari in § 16(b) cases that were summarily vacated and remanded after rulings on similar issues in the ACCA context). The Court concluded that its experience with the ACCA "only supports the conclusion that § 16(b) is too vague." *See id.* at 1223. This court holds that the same logic applies to § 924(c). *See id.* at 1223 ("The government would condemn us to repeat the past-to rerun the of ACCA tape, as though we remembered nothing from its first showing. But why should we disregard a lesson so hard learned?").

The government also contends that "[The Ninth Circuit's decision in] *Dimaya* [*v. Lynch*], by its explicit terms, does not apply to section 924(c)." (ECF No. 723 at 10). However, in light of the Supreme Court's holding in *Dimaya*, there can be no doubt that § 924(c)'s residual clause suffers from the same constitutional deficiencies that caused the Court to strike down the nearly identical residual clause in the INA.

### B. Whether the conviction can be sustained under the force clause

The Ninth Circuit has not yet decided whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause.[3] To qualify as a crime of violence under the force clause, the predicate offense must contain as "an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

A conviction for conspiracy to commit Hobbs Act robbery requires proof of the following elements: "(1) two or more people agreed to commit a robbery or extortion of the type discussed in the Hobbs Act; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant voluntarily participated in trying to accomplish the conspiratorial goal." *United States v. Si*, 343 F.3d 1116, 1123-24 (9th Cir. 2003). As the term is used in the Hobbs Act, robbery means the taking of another's property "by means of actual or threatened force." 18 U.S.C. § 1951(b)(1).

---

[3] In 2016, the Ninth Circuit issued an unpublished decision holding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause. *See United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016).

Conspiracy to commit Hobbs Act robbery requires no more than an agreement to commit robbery. As Judge Dorsey stated in *Hunter*,

> A defendant can enter this agreement without actually 'using, attempting to use, or threatening to use physical force against the person or property of another . . . . For example, he could be convicted based on an agreement to commit the robbery with identities concealed by ski masks and purchasing a ski mask for the robbery. By entering into that agreement and purchasing the mask, the defendant would be guilty of conspiracy to commit Hobbs Act robbery, but he would not have actually used, threatened to use, or attempted to use force against anyone.

*Hunter*, 2017 WL 3159985, at *5.

As conspiracy to commit Hobbs Act robbery does not contain an element requiring proof of the use or attempted use of physical force, it cannot qualify as a crime of violence under the force clause. *See Hunter*, 2017 WL 3159985, at *5.

*c. Summary*

Because conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause, and the only remaining clause that it could qualify under is void for vagueness, the court will vacate petitioner's conviction under § 924(c) and corresponding 60-month sentence.

**IV.  Conclusion**

The court holds that petitioner's § 924(c) conviction violates due process in light of the Supreme Court's holdings in *Johnson* and *Dimaya*. Therefore, resentencing is appropriate in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's abridged motion to vacate (ECF No. 703) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that petitioner's motion to vacate (ECF No. 717) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that petitioner's motion for leave to file supplemental authority (ECF No. 728) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the government's motion for leave to file supplemental authority (ECF No. 729) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that a resentencing hearing will be held on July 12, 2018, at 10:00 am in Courtroom 6A of the Lloyd D. George Courthouse in Las Vegas, Nevada.

IT IS FURTHER ORDERED that petitioner shall prepare and file a resentencing memorandum by June 25, 2018, and the government shall prepare and file a resentencing memorandum by July 5, 2018.

DATED June 4, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**